IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM ROZIER, *et al.*,

    Plaintiffs,

v.                                        Civil Action No. 3:10CV831-JAG

CITIMORTGAGE, INC., *et al.*,

    Defendants.

## MEMORANDUM OPINION

This is an action seeking money damages for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), the National Fair Housing Act ("NFHA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Truth in Lending Act ("TILA"). This matter comes before the court on defendant-CitiMortgage's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dk. No. 10) and defendant-Wittstadt Title & Escrow Company's motion to dismiss pursuant to Rules 12(b)(4), 12(b)(6), and 12(b)(7) (Dk. No. 7). The parties have submitted memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons discussed herein, the defendants' motions will be granted.

### I.

William Rozier, Shirley Muir, and the Estate of Maurine Muir ("plaintiffs") filed this action on November 17, 2010. The plaintiffs, proceeding *pro se*, allege that CitiMortgage,

Incorporated ("CitiMortgage") and Wittstadt Title & Escrow Company ("Wittstadt") committed various violations in connection with a mortgage issued to Maurine Muir in 2001 and the subsequent foreclosure on the mortgaged property in 2010.[1]

The plaintiffs allege that Maurine Muir purchased the property located at 6724 Gills Gate Terrace in Chesterfield, Virginia on July 26, 2001. To finance her purchase, Muir obtained a loan from CitiMortgage (the "Mortgage"). Nearly ten years later, in September of 2010, CitiMortgage authorized Wittstadt to begin foreclosure proceedings on its behalf. It is apparent from the plaintiff's complaint that, at some point between the purchase of the property and the initiation of foreclosure proceedings, Maurine Muir passed away.

Nearly ten years after the mortgage transaction at issue, the plaintiffs have filed this action alleging that the defendants failed to make the required disclosures during the transaction. Count one of the complaint alleges that the "Defendants' failure to provide disclosures accurately and/or correctly" creates an "issue of fact as to the legal owner of the note and deed." (Compl. ¶ 26.) Count two asserts that Wittstadt violated the FDCPA during the foreclosure process. In count three, the plaintiffs claim that CitiMortgage violated the National Fair Housing Act by failing to comply with a number of its provisions. The plaintiffs claim violations of RESPA in count four, citing the defendants' failure to provide a booklet on the closing costs within three days of Maurine Muir's application for the Mortgage. Lastly, count five alleges a violation of TILA Regulation Z.

## II.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; . . . it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."

---

[1] The plaintiffs also name "John & Jane Does 1–10" as defendants to the action but provide no further information regarding these unknown parties.

*Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), amplified this standard, noting that, to survive a motion to dismiss, a complaint must contain sufficient factual information "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, While it does not require "detailed factual allegations," *Twombly* held that Rule 8 of the Federal Rules of Civil Procedure does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* at 55. Thus, a complaint containing facts that are merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement to relief. *Id.* at 557. Rather, a complaint achieves facial plausibility when it contains sufficient allegations supporting the reasonable inference that the facts alleged support an actionable claim. *Id.* at 556; *see also Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

This analysis is context specific and requires the "reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). The *Giacomelli* Court also stressed that "'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1955). Additionally, in considering the defendants' motion, the Court assumes the facts alleged in the complaint are true and draws all reasonable factual inferences in the non-movant's favor. *Edwards*, 187 F.3d at 243.

### III.

In its motion to dismiss, CitiMortgage urges the Court to dismiss all counts asserted against it. According to CitiMortgage, count one should be dismissed because it neither asserts a

cause of action against CitiMortgage nor states a claim upon which relief can be granted. Count two's claim for a violation of the FDCPA should be dismissed because it does not allege wrongdoing by CitiMortgage and because CitiMortgage is not a "debt collector" within the meaning of the FDCPA. CitiMortgage argues that count three should be dismissed because the National Fair Housing Act does not create a private right of action for purported violations. As to counts four and five, CitiMortgage asserts that both are time-barred because the various provisions of RESPA have either a one or three-year statute of limitations and claims under TILA are subject to a one-year statute of limitations.

For similar reasons, Wittstadt also argues for dismissal of all five counts. They assert that counts one and two merely state legal conclusions and should be dismissed for failure to state a claim. Wittstadt contends that the claim for violations of the National Fair Housing Act does not assert a cause of action against it and should therefore be dismissed. Finally, Wittstadt echoes CitiMortgage's arguments as to counts four and five, asserting that they are time-barred.

As noted above, count one generally alleges that the defendants failed to provide correct and accurate disclosures, which the plaintiffs claim creates an issue of fact as to the owner of the note and deed to the property. Yet, count one does not specify the disclosures the defendants failed to make, nor does it allege what statutes or regulations were violated. Accordingly, count one must be dismissed for failure to state a claim.

The plaintiffs' FDCPA claim in count two must also fail. Count two reads: "The Notice of Foreclosure Action sent by Wittstadt Title & Escrow Company fails to provide the required notice to dispute the debt." (Compl. ¶ 28.) As an initial matter, count two does not allege any wrongdoing by CitiMortgage. Furthermore, the FDCPA regulates the practices of debt collectors. *See* 15 U.S.C. § 1692a(6). In this case, CitiMortgage is a creditor, not a debt

4

collector, and is therefore not liable under the FDCPA. *See Scott v. Wells Fargo Home Mortg., Inc.*, 326 F. Supp.2d 709, 717 (E.D. Va. 2003). As it relates to Wittstadt, count two must also be dismissed because the allegations, even if true, do not rise to a cause of action under the FDCPA. Although the FDCPA does require an initial communication from a debt collector to include a notice regarding the debtor's right to dispute the debt and be presented with verification, the plaintiffs here have not alleged that the Notice of Foreclosure Action was an initial communication from Wittstadt. Instead, all the plaintiffs have alleged is that the Notice of Foreclosure Action failed to provide the requisite notice. Count two, therefore, will be dismissed.

In count three, the plaintiffs claim that CitiMortgage violated the National Housing Act, 12 U.S.C. § 1701x(c), and assert a private cause of action based on this alleged violation. In determining whether a private right of action exists under 12 U.S.C. § 1701x(c), the Court must look for "rights-creating language" in the text of the statute. *See Alexander v. Sandoval*, 532 U.S. 275, 288 (2001).[2] Such language "explicitly confer[s] a right directly on ... the plaintiff." *Cannon v. Univ. of Chicago*, 441 U.S. 677, 690 n.13 (1979). No such "rights-creating" language exists in § 1701x(c). Section 1701x(c)(5)(D)(ii) provides that the Secretary of Housing and Urban Development ("Secretary of HUD") "shall monitor the compliance of creditors with the requirements of subparagraphs (A) and (B)." Furthermore, subsection E provides that the "Secretary shall submit a report to the Congress not less than annually regarding the extent of compliance of creditors with the requirements of subparagraphs (A) and (B) and the effectiveness of the entity monitoring such compliance." 12 U.S.C. § 1701x(c)(5)(E). It is

---

[2] Although the Supreme Court originally articulated a four factor inquiry for determining whether an implied private right of action exists under a statute, *see Cort v. Ash*, 422 U.S. 66, 78 (1975), subsequent cases have focused on Congress's intent to create a private right of action. *See Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002); *Alexander*, 532 U.S. at 286–87; *see also Love v. Delta Air Lines*, 310 F.3d 1347, 1351–52 (11th Cir. 2002) (recognizing this trend).

evident from the text of the statute that Congress, therefore, did not intend to create a private right of action by enacting § 1701x. Count three will be dismissed.

The plaintiffs' claim under RESPA in count four references a failure by the defendants to provide a "booklet" on the closing costs. Although count four simply states a legal conclusion and does not meet the pleading standard articulated in *Twombly* and *Iqbal*, the Court need not decide that issue because a claim asserted under RESPA is subject to either a one or three-year period of limitations. 12 U.S.C. § 2614. It is unclear which section the plaintiffs assert their claim under, but even assuming the limitations period is three years, the period has long expired. The mortgage at issue was finalized in 2001, nearly ten years ago. Consequently, count four is time-barred and will be dismissed.

Similarly, count five claims a violation of TILA Regulation Z. 15 U.S.C. § 1640(e) states that any action under TILA must be brought within one year from the date of the alleged violation. Since the mortgage transaction closed nearly ten years ago, the plaintiffs' claim under TILA is also time-barred and will be dismissed.

### IV.

For the reasons stated above, defendant-CitiMortgage's motion to dismiss and defendant-Wittstadt's motion to dismiss will be granted.

It is SO ORDERED

Let the Clerk send a copy of this Order to all counsel of record.

/s/
John A. Gibney, Jr.
United States District Judge

Date: July 5, 2011
Richmond, VA